YESENIA GALLEGOS (SBN 231852)
ygallegos@mwe.com
MEGAN A. LEE (SBN 352230)
malee@mwe.com
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA  90067-3206
Telephone:  +1 310 277 4110
Facsimile:   +1 310 277 4730

Attorneys for Defendant
THOUGHTFOCUS, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHE KLOUSSING, an individual,<br><br>            Plaintiffs,<br><br>       v.<br><br>THOUGHTFOCUS, INC. a Delaware corporation; NAGANAND JAGADEESH, an individual; SANTHOSH ANANTHAKRISHNAN; an individual; SHYLESH KRISHNAN, an individual; and DOES 1 through 100, inclusive,<br><br>            Defendants. | CASE NO.<br><br>**DEFENDANT THOUGHTFOCUS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1441(B) AND 1332(A)**<br><br>Complaint Filed:    July 12, 2024<br>Removal Filed:       September 25, 2024 |

McDermott Will & Emery LLP
Attorneys At Law

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant THOUGHTFOCUS, INC. ("ThoughtFocus"), by and through its attorneys of record, hereby removes the above-entitled action pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b), based on the grounds set forth below. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because the alleged amount in controversy exceeds $75,000, exclusive of interests and costs, and complete diversity exists between Plaintiff Christophe Kloussing ("Plaintiff") and ThoughtFocus.

I.   PROCEDURAL SUMMARY

1.   On July 12, 2024, Plaintiff commenced this action in the Superior Court for Orange County by filing the Complaint entitled *Christophe Kloussing v. ThoughtFocus, Inc. et al.*, which was designated as case number 30-2024-01412797-CU-OE-NJC (the "Complaint"). Service of the Complaint on ThoughtFocus pursuant to Cal. Civ. Proc. Code § 415.30 was completed on August 26, 2024. A true and correct copy of the Complaint served on ThoughtFocus is attached hereto as **Exhibit A**.

2.   Plaintiff alleges 11 claims: (1) Willful Misclassification as Exempt; (2) Failure to Pay Premium Overtime/Double Time Wages; (3) Failure to Provide Meal Periods; (4) Failure to Provide Rest Periods; (5) Waiting Time Penalties; (6) Failure to Pay Wages Due Upon Termination; (7) Failure to Reimburse Business Expenses; (8) Failure to Pay a Uniform Maintenance Allowance; (9) Failure to Pay Commission; (10) Failure to Allow Inspection of Employment Records; and (11) Unfair Competition.

II.   JOINDER

3.   For purposes of joinder, ThoughtFocus is unaware of Plaintiff serving any other defendant having been served with a copy of Plaintiff's Complaint, and the requirements of 28 U.S.C. § 1446(b)(2)(A) are met.

DEFENDANT THOUGHTFOCUS, INC.'S NOTICE OF REMOVAL

McDermott Will & Emery LLP
Attorneys At Law

III.   BASIS FOR JURISDICTION

4.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) based on diversity jurisdiction. The diversity-of-citizenship requirement is satisfied because Plaintiff is a citizen of a state different from ThoughtFocus. While ThoughtFocus disputes the allegations of wrongdoing in the Complaint and disputes that Plaintiff is entitled to relief in any amount from ThoughtFocus, the amount in controversy requirement is satisfied because Plaintiff's Complaint seeks damages in excess of $75,000, exclusive of fees and costs. Thus, the state action is properly removed to this Court.

IV.   THE PARTIES' DIVERSITY OF CITIZENSHIP

5.    Complete diversity of citizenship exists in this case because the operative parties, Plaintiff and ThoughtFocus, are citizens of different states. At all relevant times, Plaintiff is and has been a citizen and resident of the State of California.  (*See* **Exhibit A**, Complaint ("Compl."), ¶ 1).

6.    ThoughtFocus is now, and ever since Plaintiff commenced this action has been, incorporated under the laws of the State of Delaware, with its principal place of business in the State of Texas. (*See* Declaration of Shylesh Krishnan ("Krishnan Decl." Decl., ¶¶ 3-4.) Accordingly, pursuant to 28 U.S.C. § 1332(c), ThoughtFocus is a citizen of Texas, not California. Any potential "Doe" defendants shall be disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1). In addition, Plaintiff has not pled any allegations in the Complaint with respect to the potential "Doe" defendants, and gave no indication of their their potential identity or relationship to his claims. (Compl., ¶¶ 7-9.)

V.   THE AMOUNT IN CONTROVERSY

7.    "[A] Defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Defendant is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer*

DEFENDANT THOUGHTFOCUS, INC.'S NOTICE OF REMOVAL

McDermott Will & Emery LLP
Attorneys At Law

*v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198.

8.    In addition to the contents of the removal petition, the Court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Singer*, 116 F.3d at 377.

9.    In measuring the amount in controversy, a court must assume that the allegations of the Complaint are true and that a jury will return a verdict for Plaintiff on all claims made in the Complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the Complaint, not what the Defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

10.   Here, Plaintiff prays for the following relief against Defendant in his Complaint:

    A.    For compensatory damages in the amount of unpaid overtime/double time of at least $260,000 (Compl., Prayer for Relief ¶1);

    B.    For compensation for each meal period that was not provided in the amount of at least $56,000 (Compl., ¶61);

    C.    For liquidated damages in the amount of $4,000 (Compl., ¶75); and

    D.    For an amount in excess of $50,000 in unpaid commissions (Compl., ¶102).

11.   Assuming that Plaintiff's suit is successful, the amount in controversy requirement is clearly met.  See *Jackson v. American Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("[t]he appropriate measure [of the amount in

McDermott Will & Emery LLP
Attorneys At Law

McDermott Will & Emery LLP
Attorneys At Law

controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint"); *Kenneth Rothschild Trust*, 199 F. Supp. 2d at 1001 (amount in controversy is based on assumption that plaintiff prevails on all claims).

12.     Taking into account the calculations based on the damage allegations discussed in paragraph 10 herein, Plaintiff's alleged amount in controversy is at least $370,000.   This amount does not include calculations for Plaintiff's claimed entitlement to compensation for missed rest periods, waiting time penalties, unreimbursed business expenses, consequential damages, punitive damages, attorneys' fees, and interest. Therefore, the amount in controversy far exceeds the $75,000 requirement and removal is appropriate and proper.

## VI.     COMPLIANCE WITH STATUTORY REQUIREMENTS FOR REMOVAL

13.     This Notice is timely filed under 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days of August 26, 2024, which is the completion date of service of the Complaint on ThoughtFocus.

14.     Defendant may remove this case to this Court under 28 U.S.C. § 1441(a) because the Complaint was filed in the Superior Court of the State of California for the County of Orange, which is within the Central District of California.

15.     Pursuant to 28 U.S.C. § 1446(a), ThoughtFocus attaches as **Exhibit A** a true and correct copy of the Complaint served on ThoughtFocus. ThoughtFocus attaches as **Exhibits B-F** true and correct copies of all other documents filed in this case. No other process, pleading or order in the State Court's file has been served on ThoughtFocus up to the date of this filing.

16.     In accordance with 28 U.S.C. § 1446(d), ThoughtFocus will provide written notice of the filing of this Notice of Removal to counsel of record for Plaintiff, and a notice of filing of Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court of the State of California in and for the County of Orange.

17.     If any question arises as to the propriety of the removal of this action,

- 4 -

ThoughtFocus respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

WHEREFORE, ThoughtFocus respectfully requests that these proceedings entitled *Christophe Kloussing v. ThoughtFocus Services Corporation.*, now pending in the Superior Court of the State of California in and for Orange County, to be removed to this Court.

Respectfully submitted,

Dated: September 25, 2024          **MCDERMOTT WILL & EMERY LLP**

By:   */s/ Yesenia Gallegos*
YESENIA GALLEGOS
MEGAN A. LEE
Attorneys for Defendant
THOUGHTFOCUS, INC.

DEFENDANT THOUGHTFOCUS, INC.'S NOTICE OF REMOVAL

McDermott Will & Emery LLP
Attorneys At Law