UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02087-DOC-KES                                    Date:  January 16, 2025

Title: CHRISTOPHE KLOUSSING v. THOUGHTFOCUS, INC., et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER TO SHOW CAUSE ("OSC") WHY PLAINTIFF AND PLAINTIFF'S COUNSEL SHOULD NOT BE SANCTIONED

I. BACKGROUND.

In July 2024, Plaintiff Christophe Kloussing ("Plaintiff") filed this action in the Orange County Superior Court against his former employer ThoughtFocus, Inc. ("ThoughtFocus") and three individuals employed by ThoughtFocus who have never been served.  (Dkt. 1-2 at 2.) Plaintiff alleges ThoughtFocus violated California Labor Code sections that apply to non-exempt employees and failed to pay him the correct amount of commissions he earned on sales.  (Id.)

After ordering expedited discovery (Dkt. 21), the District Judge authorized the parties to attend a settlement conference conducted by the Magistrate Judge (Dkt. 22).  On December 10, 2024, the Magistrate Judge issued an order scheduling the settlement conference.  (Dkt. 24.)  As relevant here, that scheduling order (1) set a pre-conference call for counsel only on January 8, 2025, at 10:00 a.m.; (2) scheduled the settlement conference for January 14, 2025, at 10:00 a.m.; and (3) ordered that "parties … are required to personally attend the conference, together with trial counsel …."  (Id. at 1.)  The order also stated: "Failure to produce the appropriate person(s) at the conference and/or failure to participate in good faith may result in an award of costs and attorney's fees incurred by the other parties in connection with the conference and/or other sanctions against the noncomplying party and/or counsel."  (Id.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02087-DOC-KES                                                                Date: January 16, 2025
                                                                                                                             Page 2

      Counsel for Plaintiff, Mr. Thomas Schelly of the Lipeles Law Group APC, called in late for the January 8, 2025 call because high winds had knocked out power in his area of Los Angeles. Nevertheless, the Magistrate Judge and counsel spoke about who would attend the settlement conference for both sides. Mr. Schelly asked if Plaintiff could appear remotely, but counsel for ThoughtFocus objected and said that ThoughtFocus had already arranged for a client representative to appear in person. The Magistrate Judge told counsel that all participants would need to appear in person.

      On Monday, January 13, 2025, at 4:01 p.m. (i.e., the day before the scheduled settlement conference), a paralegal from the Lipeles Law Group sent the following email to the Magistrate Judge's chambers' email address stating that Plaintiff had planned to travel to California from the North East, but was unable to get to the airport due to "inclement weather":

> Good afternoon, due to the inclement weather in the North East our client (Plaintiff, Christophe Kloussing) is unable to find a safe passage to the airport and back home to attend this hearing in person.
>
> Mr. Kloussing humbly request [sic] he be able to attend virtually to this hearing. Mr. Schelly will be attending in person.
>
> Thank you,
>
> Grace Munguia, Paralegal
>
> Lipeles Law Group, APC

Mr. Schelly was not copied on this email. Jeremy Dix, who appears to be another employee of Mr. Schelly's law firm, was copied on the email.[1]

      In response, the Magistrate Judge issued a minute order providing a Zoom link for Plaintiff to use. (Dkt. 29.) The Magistrate Judge also noted, "The Court does not have enough details about Mr. Kloussing's location, the weather, and other relevant details to excuse him from travelling to California." (Id. at 1.) "After talking with Mr. Kloussing and his counsel tomorrow, the Court will decide whether Mr. Kloussing has shown good cause for failing to appear in person at the settlement conference." (Id. at 2.)

      The next morning at about 10 a.m., Mr. Kloussing joined the settlement conference using the Zoom link provided. He told the Magistrate Judge that if he turned on his camera, he would lose audio, so the Magistrate Judge did not require him to turn on his camera. When the

---

[1] Mr. Dix has an email address associated with Mr. Schelly and Ms. Munguia's law firm, but he is not listed as an attorney on their law firm's website: https://www.kallaw.com/our-team/ (last accessed Jan. 16, 2025).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02087-DOC-KES                                                                                   Date: January 16, 2025
                                                                                                                                              Page 3

Magistrate Judge asked where he was, he said he was "stuck" in the Javits Convention Center in Manhattan, New York.

   As the settlement conference progressed, when the Magistrate Judge spoke with Plaintiff's counsel, sometimes Plaintiff was present by Zoom with his camera on, but sometimes he was not available via Zoom, a problem counsel initially attributed to technical problems.  In the afternoon, however, counsel for ThoughtFocus brought to the Magistrate Judge's attention that Plaintiff had posted information on LinkedIn showing that he was attending a sales convention at the Javits Center.  Indeed, the Javits Center's website lists "NRF: Retail's Big Show" as an event occurring there January 12-14, 2025.[2]  Plaintiff posted the following on LinkedIn the day of the settlement conference:





---

[2] https://javitscenter.com/events/ (last accessed Jan. 16, 2025).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02087-DOC-KES                                                                                  Date: January 16, 2025
                                                                                                                                              Page 4

The Magistrate Judge confronted Plaintiff's counsel with this information and said that she would normally ask for a copy of Plaintiff's airplane ticket reflecting the flight that he had planned to take but was purportedly unable to make due to inclement weather. Plaintiff's counsel then conferred privately with Plaintiff. He subsequently reported that someone at his office had dropped the ball because Plaintiff, who lives in Orange County, did not realize he needed to attend the settlement conference in person. Apparently, Plaintiff had not booked a flight to travel back to Orange County that he was unable to make due to inclement weather. On January 13 and 14, Manhattan was not experiencing winter weather so severe as to make travel to and from the airport dangerous.

## II.     LEGAL STANDARD.

Federal Rule of Civil Procedure 16(f)(1) authorizes sanctions against a party or an attorney who "fails to appear at a scheduling or other pretrial conference," "is substantially unprepared to participate – or does not participate in good faith – in the conference," or who "fails to obey a scheduling or other pretrial order." Rule 16(a)(5) specifically states that one of the purposes of such a conference may be "facilitating settlement" of the case.

A district court has "broad discretion" both in deciding whether to impose sanctions and in deciding what sanction is appropriate. Off. Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1397 (9th Cir. 1993). However, instead of or in addition to other sanctions, "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with [Rule 16(f)(1)], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Additionally, "imposition of sanctions under Rule 16(f) requires notice and an opportunity to be heard." Ayers v. Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanction of $749 against plaintiff's attorney for failing to appear at a settlement conference).

A magistrate judge may impose sanctions under Rule 16(f) when doing so would not be dispositive of a claim or defense. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Grimes v. City and Cnty. of San Francisco, 951 F.2d 236, 240-41 (9th Cir. 1991) (finding magistrate judges may impose non-dispositive sanctions under Rules 37 and 11); Sapan v. SolarMax Tech., Inc., No. 15-cv-897, 2015 WL 6128425, at *2, 2015 U.S. Dist. LEXIS 141360, at *4 (S.D. Cal. Oct. 16, 2015) (collecting cases finding that "magistrate judges have the authority to sanction attorneys for failing to appear at pretrial conferences pursuant to Rule 16(f)").

The California Rules of Professional Conduct apply in the U.S. District Court for the Central District of California under Local Rule 83-3.1.2. Under those rules, counsel shall not "knowingly make a false statement of fact or law to a tribunal" or "offer evidence that the lawyer knows to be false." Cal. Prof. Conduct, Rule 3.3; see also Cal Bus. & Prof. Code § 6068(d) (It is the duty of an attorney "never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law."). An attorney does not simply act as an advocate for his client; he

Case 8:24-cv-02087-DOC-KES   Document 31   Filed 01/16/25   Page 5 of 6   Page ID #:221

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02087-DOC-KES                              Date: January 16, 2025
                                                            Page 5

is also an officer of the court.  As such, an attorney has a duty of good faith and candor in dealing with the judiciary.

Attorneys also have a duty to supervise staff adequately.  See Cal. Rules of Prof. Conduct, Rule 5.3(b) ("a lawyer having direct supervisory authority over the nonlawyer, whether or not an employee of the same law firm, shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer"); Trousil v. State Bar, 38 Cal. 3d 337 (1985) (upholding discipline of attorney for errors he claimed were committed by his secretary when the attorney failed to show he "satisfactorily supervised his office staff").  "[U]nder Rule 5.3, a lawyer is responsible for the conduct of a non-lawyer if the lawyer, inter alia, directs and/or ratifies the unethical conduct of the non-lawyer."  Mfg. Automation & Software Sys., Inc. v. Hughes, No. 16-cv-08962-CAS-KSx, 2019 WL 266970, at *8, 2019 U.S. Dist. LEXIS 9343, at *21 (C.D. Cal. Jan. 15, 2019); Cal. Rules of Prof. Conduct, Rule 5.3(c) ("a lawyer shall be responsible for conduct of such a person that would be a violation of these rules … if engaged in by a lawyer if" the lawyer orders the conduct, ratifies the conduct, or knows of the conduct and fails to take "reasonable remedial action").

### III.    ORDER TO SHOW CAUSE.

**On or before January 31, 2025**, ThoughtFocus may file a declaration stating (1) the number of hours counsel spent to prepare for and attend the settlement conference; (2) counsel's hourly rate; and (3) costs incurred to have client representatives travel to and/or attend the settlement conference.  The Court may use this information to guide its discretion in crafting the amount of sanctions imposed, if any.

**On or before February 7, 2025**, Mr. Schelly and Plaintiff are both ordered to show cause in writing why they should not be ordered to pay monetary sanctions to ThoughtFocus based on: (1) Plaintiff's failure to appear in person at the settlement conference; (2) any untrue statements Mr. Schelly, Paralegal Munguia, and/or Plaintiff made to the Court about why he failed to personally appear or was unavailable by Zoom; and/or (3) the failure by Mr. Schelly or his staff to communicate to Plaintiff his need to attend the settlement conference in person.

Along with any other facts that counsel and Plaintiff believe are relevant, the response should include details concerning:

- when Plaintiff made his flight arrangements to attend the NRF convention in Manhattan and what those flight arrangements were;

- what Plaintiff was doing between 10 a.m. and 2 p.m., California time, on January 14, 2025 (i.e., the day of the settlement conference), such as whether he intentionally stepped away from the Zoom call or whether he had technical problems;

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02087-DOC-KES                                         Date: January 16, 2025

                                                                                                                                           Page 6

- who instructed Paralegal Munguia to send the "inclement weather" email to the Magistrate Judge, and what did they know about the situation;

- when Mr. Schelly became aware of the "inclement weather" email and what, if anything, he did in response; and

- whether/when someone communicated to Plaintiff that he needed to attend the settlement conference in person; who did so; and what, if anything, Mr. Schelly did to confirm that this requirement was communicated.

MINUTES FORM 11                                                                   Initials of Deputy Clerk jd
CIVIL-GEN